TIMOTHY E. MCGRAW *et al.*, Plaintiffs-Appellants, *v.* DORA YATES *et al.*, Defendants-Appellees.

(No. 12881;

Fourth District—July 17, 1975.

Phillips, Phebus, Tummelson & Bryan, of Urbana, Sheldon Belofsky and Henry Jostock, both of Chicago, for appellants.

Albert Tuxhorn, of Champaign, for appellees.

Mr. PRESIDING JUSTICE SIMKINS delivered the opinion of the court:

Plaintiffs, Timothy E. McGraw, John T. Aldrich and Edward F. Murphy, appeal from the dismissal of their complaint seeking a declaration of title to certain real property and seeking past-due installments of income from said real property. The issue before this court is whether the trial court erred in dismissing the complaint.

On December 20, 1943, Thomas F. McGraw became the owner of an undivided three-quarter interest in the real property that is the subject matter of this action. Thomas F. McGraw died testate on December 3, 1946, and his will was subsequently admitted to probate. Paragraphs 4 and 5 of the last will and testament of Thomas F. McGraw provide as follows:

> "Fourth. All the rest and remainder of my property, both real and personal, wheresoever situated, of which I may die seized or be entitled to, I give, devise and bequeath to my beloved wife, Ruth G. McGraw, to become her sole property forever.
>
> Fifth. I request my said wife, out of the net income derived from my interest in and to the premises described as:
>
> > The East half (E ½) of the East Half (E ½) of Section Thirty-five (35), Township Twenty-one (21) North, Range Nine (9) East of the Third Principal Meridian, in Champaign County, Illinois,
>
> once each year, at a time to be determined by my said wife, pay one-fourth of said net income to my sister Mary Bernadine Mc-Graw, one-fourth to my sister Katherine Aldrich and one-fourth to my brother, Timothy E. McGraw, retaining the remaining one-fourth for her own so long as she shall be the owner of said premises.
>
> Nothing herein contained in this FIFTH paragraph of my Will shall be construed to restrain my said wife from alienating said premises in any manner.
>
> If any of my said sisters or brother shall predecease my said wife their respective portion or portions of said net income shall abate and the said net income shall then be distributed equally between

my said wife and the survivor or survivors of my said sisters and brother. In the event my said wife shall have alienated said premises, or in the event my said wife shall predecease my said sisters or brother, or either of them, the distribution of said net income shall cease forthwith.

I fully understand the legal nature of this request and feel confident my said wife will carry out this request. However, if any of my said sisters or brother shall in any manner or means threaten or attempt to force an accounting of said net income from my said wife, the person or persons so doing shall forfeit any and all rights in and to their respective distributive share or shares of said net income thereafter and the same shall abate as above provided in case of their death."

On July 9, 1953, Marcus Arie conveyed to Ruth G. McGraw his undivided one-quarter interest in the real property in question. Ruth G. McGraw died testate on August 3, 1973, and did not alienate said property, nor did she make any accounting or any payments of income from said property to the parties designated under the will of Thomas F. McGraw. The last will and testament of Ruth G. McGraw was admitted to probate, and those proceedings still pend in the circuit court of Champaign County. Under the will she devised all of her real property to Dora Yates, Virginia T. Lamkin, and Donald B. Teeters, the defendants in the instant action.

On March 25, 1974, plaintiffs filed a two-count complaint. In count I plaintiffs seek partition of said real property. In count II plaintiffs seek to have an equitable lien imposed against said real property to guarantee payment to the plaintiffs of past-due income from the real property. The plaintiffs are Timothy E. McGraw, the brother of Thomas F. McGraw, Edward S. Murphy, the sole heir and devisee of Bernardine McGraw Murphy, and John T. Aldrich, the sole heir of Katherine McGraw Aldrich. On April 25, 1974, defendants filed a motion to dismiss the complaint. On July 29, 1974, the trial court dismissed the complaint for failure to state a cause of action and entered judgment for the defendants and against the plaintiffs.

Plaintiffs first contend that Ruth G. McGraw received only a life estate and not a fee simple interest in the real property in question under the will of Thomas F. McGraw. We find this argument to be without merit. In paragraph four, the testator gave, devised, and bequeathed the real property in question to Ruth G. McGraw "to become her sole property forever." In paragraph five the testator stated that, "nothing herein contained in this FIFTH paragraph of my Will shall be construed to restrain my said wife from alienating said premises in any manner."

A reading of this language readily indicates that the testator intended to convey a fee simple interest to his wife. We note that section 13 of the Conveyance Act (Ill. Rev. Stat. 1973, ch. 30, § 12) states that, "Every estate in lands which shall be granted, conveyed or devised, although other words heretofore necessary to transfer an estate of inheritance be not added, shall be deemed a fee simple estate of inheritance, if a less estate be not limited by express words, or do not appear to have been granted, conveyed or devised by construction or operation of law." We do not believe that the use of the word alienate in paragraph five indicates that the testator intended to limit the estate granted in any fashion.

■■ Plaintiffs further contend that they are entitled to the past-due installments of income from the real property devised to Ruth G. McGraw. We find this argument to be without merit. In paragraph five the testator requested his wife to pay one-quarter of the income from said property to each of his two sisters and brother. The will further stated, "I fully understand the legal nature of this request and feel confident my said wife will carry out this request. However, if any of my said sisters or brother shall in any manner or means threaten or attempt to force an accounting of said net income from my said wife, the person or persons so doing shall forfeit any and all rights in and to their respective distributive share or shares of said net income thereafter and the same shall abate as provided in case of their death." This language is clearly precatory in nature and not mandatory or binding on the wife in any fashion. This conclusion is substantiated by the fact that the wife was given a fee simple interest, that the testator included an *in terrorem* or forfeiture clause to prevent his sisters and brother from requiring payment of income, and that the testator provided that said payments of income would end upon his wife's death or upon her alienation of the property.

Accordingly, for the reasons stated above the judgment of the circuit court of Champaign County is hereby affirmed.

Judgment affirmed.

TRAPP and CRAVEN, JJ., concur.